Lena Maude STACY, Plaintiff-Respondent,

v.

**DEPARTMENT OF PUBLIC HEALTH AND WELFARE, State of Missouri, Defendant-Appellant.**

No. 9103.

Springfield Court of Appeals, Missouri.

June 10, 1971.

Gordon R. Boyer, Boyer & Ratzlaff, Lamar, for plaintiff-respondent.

Elmore G. Crowe, Edward D. Summers, Jefferson City, for defendant-appellant.

PER CURIAM:

The Department of Public Health and Welfare has appealed from the judgment of the Circuit Court of Barton County which reversed its director's decision denying respondent old age assistance benefits and remanded the proceedings for redetermination by the director. Subsec. 5, § 208.100.[1] In conjunction with the appeal, the Circuit Clerk of Barton County sent us a collection of papers said to be "the Original file, record and proceedings in the above entitled cause." We have advised the appellant that in our opinion these papers (and similar papers sent in like appeals) do not qualify as a transcript on appeal because they do not conform to the requirements of Civil Rule 82.14; the pages are not numbered consecutively, there is no index, a copy has not been served on respondent, they have not been approved by either counsel or court, and the papers in nowise meet the specifications for a transcript on appeal as established by the Rules of Civil Procedure. Appellant contends that the Rules of Civil Procedure do not apply to such appeals to this court because § 208.110 "creates the right of review and prescribes the manner of appeal."

Section 208.100 states that an applicant for old age assistance who is aggrieved through the denial of benefits "by the action of the director of public health and welfare * * * may appeal to the circuit court," and that upon the filing of an "affidavit for appeal" the director shall certify to the circuit court "the entire record preserved in the case at the time of the applicant's hearing;" the appeal is then tried in the circuit court upon that record so certified by the director. If the circuit court decides "that a fair hearing and determination of the applicant's eligibility and rights * * * was not granted * * * by said director, or that his decision was arbitrary and unreasonable, the court in such event shall remand the proceedings for redetermination of the issues by said director." Section 208.110 provides: "Appeals may be had by either party from the circuit court upon the record in the same manner as provided herein for appeals from the director to the circuit court."

In 1943 the General Assembly enacted "The Civil Code of Missouri" to govern the procedure "in all suits and proceedings of a civil nature * * * *unless other-*

1. References herein to rules and statutes, unless otherwise stated, are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R., and RSMo 1969, V.A.M.S.

*wise provided by law*"[2] (§ 506.010), and empowered the Supreme Court to promulgate general rules of procedure provided they were not "contrary to or inconsistent with the laws in force for the time being." § 477.010. Pursuant to this legislative grant, the Supreme Court in November 1944, inter alia, adopted Rule 3.02(a) which stated: "If any *special* procedural statute refers to or adopts the provisions of the Code of Civil Procedure, and also refers to a particular method of procedure which had been changed by the Civil Code, then and in that event, the substitute procedure prescribed by the revised Civil Code shall be employed." The net effect of this 1944 rule and the 1943 statutes was that the code would not apply to practice and procedures in special statutory proceedings unless the special procedural statute adopted or referred to the substitute procedures of the code. Thus, in Choate v. State Department of Public Health & Wel., Mo. App. (1956), 296 S.W.2d 189, 192–193(2–4), respondent (an applicant for old age assistance) moved this court to dismiss the appeal because she had not been served with a copy of the transcript as required by Supreme Court Rule 1.04(e), which is now Civil Rule 82.14(e). Based on the previously noted sections of the 1943 Civil Code and Rule 3.02(a), the motion was overruled because the Old Age Assistance Act was a special procedural statute[3] "prescribing the manner of such an appeal [which had not been] specifically or impliedly repealed by the provisions of that code." Predicated upon the foregoing and without taking into account constitutional and rule changes which we shall examine next, appellants in cases under Chapter 208 have continued to ignore the requirements of Civil Rule 82.14 relating to transcripts on appeal.

■ Art. V, § 5 of the Constitution of Missouri, V.A.M.S., which was adopted in 1945, authorized the Supreme Court to "establish rules of practice and procedure for all courts." In accordance with this constitutional prerogative that had previously been committed to the General Assembly (Garland v. American Family Mutual Insurance Co., Mo.App., 458 S.W.2d 889, 890–891), the Supreme Court in 1959 specifically superseded "Supreme Court Rules 1, 2, and 3, and existing court rules and *statutes* in conflict with these [new] Rules of Civil Procedure" (Civil Rule 41.04), and adopted Civil Rule 41.02, as follows: "Unless otherwise hereafter provided by statute, the Rules of Civil Procedure *shall* govern the practice and the procedure in *all* suits and *all* proceedings of a civil nature, legal, equitable and *special* in the * * * Supreme Court [and] Courts of Appeals." Therefore, it is now explicit and well understood that the Rules of Civil Procedure apply to all *special* procedural statutes which are consistent with such proceedings and not repugnant to them. State ex rel. R. L. W. v. Billings, Mo. (banc), 451 S.W.2d 125, 128; In re In Interest of T_____ G_____, Mo.App., 455 S.W.2d 3, 8; Harris v. L. P. and H. Construction Co., Mo.App., 441 S.W.2d 377, 383; State ex rel. R–1 School District of Putnam County v. Ewing, Mo.App., 404 S.W.2d 433, 439(9). An exception to the foregoing is the will contest statute (§ 473.083) which is a special procedural statute. State ex rel. Siegel v. Strother, 365 Mo. .(banc) 861, 877, 289 S.W.2d 73, 80. However, the exception is no longer due to the force of Rule 3.02(a) and §§ 477.010 and 506.010, all of which have been superseded by the existing Rules of Civil Procedure (Civil Rule 41.04), but because Civil Rule 102.01 requires that proceedings "in the estates of decedents, incompetents, and minors, including will contests, shall be governed by statutes for such cases now or hereafter expressly made and provided, except that these Rules shall be applicable to

---

2. All emphasis herein is ours.

3. 22 Missouri Law Review, at p. 413, Carl C. Wheaton—"The New General Code for Civil Procedure and Supreme Court Rules 1, 2 and 3 Interpreted."

such proceedings * * * where consistent with such statutes."

Of course, the Rules of Civil Procedure "shall not change substantive rights, or the law relating to evidence, the oral examination of witnesses, juries, the right to trial by jury, or the right of appeal" (Art. V, § 5, Constitution of Missouri), and the rules make no effort to do so. It seems to us that appellants proceeding under Chapter 208 who appeal their cases from a circuit court to an appellate court in disregard of Civil Rule 82.14 on the theory that the statute should govern the entire action, are confusing practice and procedural requirements of the Rules of Civil Procedure with substantive rights and the scope or kind of review to be given the cause on appeal as determined by law. The type or nature of review to be afforded on appeal is one subject—the mode or fashion of procedure to be followed in securing such a review is another.

■ The aim of the Rules of Civil Procedure is to secure a just determination in every civil proceeding [Associated Grocers' Co. of St. Louis, Mo. v. Crowe, Mo.App., 389 S.W.2d 395, 399(4)], and these rules "shall be construed to secure simplicity and uniformity in civil procedure, fairness in the administration of justice, and the elimination of unjustifiable expense and delay." Civil Rule 41.03. Uniformity in procedure cannot be attained by permitting divergent practices in different cases. Fairness cannot be achieved unless all litigants have access to the record and an opportunity to approve or disapprove that which will become the sole basis for decision in the appellate court. Parties involved with Chapter 208 do not hesitate to undertake compliance with the rules relating to the filing of briefs, but without a transcript prepared in the form designated by the rules, neither side can cite the record directly and unerringly; likewise, it is most difficult for an appellate court to coordinate the brief with the record in the absence of accurate and uniform references. Civil Rule 82.14 governing the preparation, service and approval of transcripts on appeal, was designed to simplify appellate procedure and relieve appellate courts of the task of deciding causes from a conglomerate cluster of papers, all of which may or may not be approved, authentic or pertinent.

■ As already indicated, it is our opinion that appeals taken pursuant to § 208.-110 are subject to the Rules of Civil Procedure, including the requirement that appellants shall cause a transcript on appeal to be prepared, filed, served and approved in the form and manner specified by Civil Rule 82.14. So far as Choate v. State Department of Public Health & Wel., supra, 296 S.W.2d 189, conflicts with this opinion, it should no longer be followed as that case was decided on the basis of rules and statutes which have been superseded (Civil Rule 41.04) and are no longer effective. Civil Rule 83.09 requires us to dismiss the appeal if the appellant fails to comply with Civil Rule 82.14 [Lane v. Katt, Mo.App., 421 S.W.2d 544, 546(5)], and Civil Rule 83.26 recites that "[i]f, after filing a notice of appeal, the appellant fails to take the further steps to secure appellate review within the periods of time allowed or as extended by the trial court the appellate court may dismiss the appeal, unless, for good cause shown, it has granted further time for taking such steps." The time for filing the transcript on appeal has long since expired and it is our judgment that the appeal in this case should be dismissed. Nevertheless, because the practice followed by the appellant in this cause has apparently gone unchallenged in the past and because appellant may have been misled by previous indulgence of rule infractions, we hereby stay the effective day of this judgment until thirty days from and after the date this opinion is filed to afford appellant ample opportunity, should it so determine, to apply for an extension of time to file a transcript on appeal as required by the rules. If no such application be made within said thirty day period, then and in such event the appeal in this case shall stand dismissed sua sponte.

All concur.