Mrs. Birdie CUMMINS, Claimant-Appellant,

v.

PUBLIC HEALTH AND WELFARE, Defendant-Respondent.

No. 9087.

Springfield Court of Appeals, Missouri.

June 10, 1971.

Jerry D. Mee, Springfield, for claimant-appellant.

Elmore G. Crowe, Jefferson City, for defendant-respondent.

PER CURIAM:

Mrs. Cummins has appealed from the judgment of the Circuit Court of Greene County affirming the decision of the director of public health and welfare denying her application for permanent and total disability assistance. Although the time for filing the transcript on appeal has expired, the only thing we have received is a collection of papers from the circuit clerk certified by him to be "a full, true and complete copy of the Docket Sheet, Notice of Appeal and all pleadings and all papers" in this case as they appear of record in the clerk's office. We have repeatedly advised appellant's counsel that in our opinion the papers do not constitute a transcript on appeal and do not comply in any respect with the requirements of Civil Rule 82.14, V.A. M.R.

The issues raised and passed upon in Stacy v. Department of Public Health and Welfare, State of Missouri, Mo.App., 468 S.W.2d 651, are virtually identical to those now before us. We adopt here the rulings and reasons set out in our opinion in the Stacy case which we are handing down contemporaneously with this opinion.[1]

Accordingly, the appeal herein is ordered dismissed. However, the effective date of this judgment is stayed for a period of thirty days from and after the date this opinion is filed to permit appellant, if she so chooses, to apply for an extension of time to file a transcript on appeal as required by the Rules of Civil Procedure. If no such application be made within said thirty day period, then and in such event this appeal shall stand dismissed sua sponte.

All concur.

1. The clerk of this court has been directed to furnish, free of charge, a copy of our opinion in the *Stacy* case, supra, to the appellant and to the respondent in this cause.