Stanley L. MORRIS, Administrator of the Estate of Mollie Marcus, Deceased, Appellant,

v.

STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE, Respondent.

No. 58180.

Supreme Court of Missouri, En Banc.

Jan. 14, 1974.

James L. Muller, The Legal Aid and Defender Society of Greater Kansas City, Inc., Kansas City, for appellant.

Robert R. Northcutt, Chief Counsel, Francis H. Welch, Senior Counsel, William E. Hurt, Counsel, Div. of Welfare, Jefferson City, for respondent.

FINCH, Judge.

This is an appeal from a Circuit Court judgment affirming the decision of the Director of the State Department of Public Health and Welfare denying old age assistance (OAA) benefits under § 208.030 [1] to one Mollie Marcus as claimant.

While this appeal was pending in this Court, the death of Mollie Marcus was suggested and thereafter, on application, Stanley L. Morris, Administrator of the Estate of Mollie Marcus, Deceased, was substituted as appellant.

Claimant filed her application for OAA benefits on October 20, 1969. The claim was rejected, after which, on application, a hearing by the Director of the department was granted. At issue in that hearing was whether claimant, within five years of the date of her application, had transferred United Accumulative Fund shares to her son without receiving fair and valuable consideration therefor so as to disqualify her under the provisions of § 208.010, subd. 2(1)(a).

Claimant was the only witness at the hearing. From her testimony and certain stipulations, the following facts appear: In 1951 plaintiff received $1,800.00 from her ex-husband in settlement of a court action for back child support for her son David who was then 11 years old, with the understanding that the money would be used for David's education. She invested this money in a dime store business which she operated until the first part of 1954 when it was destroyed by fire. She took the proceeds from the fire insurance, together with $500.00 which she had been saving for David from his summertime earnings, and with said funds purchased $5,000.00 worth of United Accumulative Fund shares. She had these issued in her maiden name of Nita Katz. She permitted interest and earnings to accumulate and made no withdrawals until October 20, 1958, when she liquidated shares in the amount of $3,695.20. There-

---

1. All statutory references are to RSMo 1969, V.A.M.S., unless otherwise indicated.

after, she liquidated an additional $2,665.00 worth of shares on April 26, 1963, and $1,400.00 worth of shares on April 15, 1964. The proceeds of all three of these liquidations were used for her own purposes.

Thereafter, the remaining shares in the United Accumulative Fund were transferred to David Irwin Marcus on the dates and in the amounts as follows:

| | |
|---|---|
| December 3, 1966 | $3,000.00 |
| January 3, 1967 | 3,000.00 |
| January 16, 1968 | 370.00 |
| September 15, 1969 | 2,413.00 |

Prior to the foregoing transfers, David was planning to be married and wanted the shares transferred to him. Mrs. Marcus testified that she felt that she had received from the shares an amount equal to what she would have been entitled to and that it was proper that the remaining shares go to David. She testified that she called the United Funds people in 1966 about making these transfers and they suggested that if she transferred only $3,000.00 per year there would be no gift tax. It was by reason of this advice that the transfers were made over the four-year period.

At the time of these four transfers beginning December 3, 1966, all of the shares in United Accumulative Fund were registered with the issuing company in the name of "Mollie Nita Marcus, Trustee for David Irwin Marcus." However, the record in the case does not make it at all clear on what date the shares had been transferred from the name of "Nita Katz" to "Mollie Nita Marcus, Trustee for David Irwin Marcus." The Director's findings of fact recite that this transfer occurred after the withdrawal by claimant of $1,400.00 on April 15, 1964, but there is not one word of oral testimony and no written evidence in the record to support that finding. The claimant made a statement in her testimony which indicates that the transfer occurred prior to the withdrawal

of the sum of $2,665.00 on April 26, 1963, but her statement was not any more specific than that. There is a reference in the testimony to some correspondence which apparently was before the referee at the time of the hearing, but it was not marked as an exhibit or introduced in evidence and is not a part of the transcript before us.

The record shows that the claimant worked regularly until August 7, 1968, at which time she became ill and entered the hospital for an extended stay. Thereafter, she was never able to work. As previously indicated, she filed her claim for benefits on October 20, 1969.

The Director concluded that changing the shares from "Nita Katz" to "Mollie Nita Marcus, Trustee for David Irwin Marcus," did not change ownership or control and that the transfers to David individually (made in the period 1966–1969) were transfers within a five-year period without receiving fair and valuable consideration. On that basis, claimant was disqualified by the Director for a period of time to be determined by the formula set forth in the statute.

■ At the outset, we must determine whether we have jurisdiction of this case. A similar question arose in Hill v. State Department of Public Health and Welfare, 503 S.W.2d 6 (Mo. banc 1973), decided December 10, 1973, and we concluded therein that we did have jurisdiction. For the same reasons expressed therein, we have jurisdiction of this case.

■ Another question presented herein is the nature of judicial review to be made of the decision of the Department of Public Health and Welfare in this case. The trial court reviewed in accordance with § 208.-100(5). However, in the Hill case, supra, we concluded that Art. V, § 22 [2] and § 536.140 which implements it establish the nature and extent of judicial review in cases involving the granting or withholding

---

2. All constitutional references are to Const. of Mo., V.A.M.S., unless otherwise indicated.

of welfare benefits. That ruling applies to this case as well.

We have concluded that on the record before us on appeal the finding and conclusion of the Director that claimant was disqualified under § 208.010, subd. 2(1)(a), by reason of transfers of property without consideration within five years of the claim for benefits, is unsupported by competent and substantial evidence and cannot be permitted to stand. We reach that conclusion for the reason that it seems clear that at some time before the transfers to David individually during the period 1966 to 1969, the United Accumulative Fund shares were transferred by claimant to Mollie Nita Marcus, Trustee for David Irwin Marcus. However, the dates of those transfers, the method by which they were accomplished, and the question of whether restrictions or qualifications were included in said transfers are not included in the record on appeal. Apparently, the shares were transferred on the books of the company but we cannot be certain about this. We are not even sure whether these transfers occurred more or less than five years before the date on which claimant filed her claim for OAA benefits. All of these are matters which would be shown by the records of the company, and perhaps elsewhere, and which would permit a determination of the threshold question as to the date and effect of these transfers. If they occurred more than five years prior to the date of claimant's application for benefits, and if in fact they had the effect of divesting claimant individually of her beneficial ownership of the stock so that thereafter she simply held the same as trustee for David, then § 208.010, subd. 2(1)(a) would be inapplicable. The Director concluded that "changing the account and shareholder's name to 'trustee' as aforesaid did not change her ownership or control of the shares or account," but the record contains no basis for such a conclusion. It is necessary to have the facts before reaching a determination as to whether beneficial ownership in the shares was transferred as a result of the change in the manner in which the shares were issued.[3]

In view of the conclusion we have reached, we need not consider the various other grounds advanced by the claimant in connection with whether transactions subsequent to the transfer of the shares of stock from Nita Katz individually to herself as trustee for her son would be transfers in violation of § 208.010, subd. 2(1)(a), and whether such statutory provision is in fact constitutional. Accordingly, the judgment of the Circuit Court affirming the decision of the Director is reversed and the cause remanded so that said court may direct the Director of the State Department of Public Health and Welfare to have a further hearing and take such additional testimony as may be available, after which the Director should make new findings and conclusions on the whole record then presented. § 536.140(5); Smith v. National Lead Co., 228 S.W.2d 407 (Mo. App.1950).

All concur.

---

3. See Turner v. Mitchell, 297 S.W.2d 458, 464 (Mo.1956); Rollestone v. National Bank of Commerce, 299 Mo. 57, 252 S.W. 394, 398 (1923); Eldridge v. Logan, 217 S.W.2d 588, 590 (Mo.App.1949); Hensley v. Ball, 380 S.W.2d 279 (Ky.1964); Church v. Church, 40 Cal.App.2d 696, 105 P.2d 640 (1940); § 403.050, RSMo 1969; Scott on Trusts, 3rd Ed., Vol. I, §§ 17.1, 28; Bogert, Trusts and Trustees, 2nd Ed., §§ 142(b), 47.