**George D. BRUMIT, Appellant,**

v.

**STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE,**
**Respondent.**

**No. 58630.**

Supreme Court of Missouri,
Division No. 2.

March 10, 1975.

Opinion Modified on Court's Own Motion.

Motion for Rehearing to Modify Opinion
Denied April 14, 1975.

James L. Muller, James S. Bolan, The Legal Aid and Defender Society of Greater

Kansas City, Inc., Kansas City, for appellant.

Robert R. Northcutt, Paul T. Keller, Division of Family Services, Jefferson City, for respondent.

HENLEY, Presiding Judge.

This is an appeal from a judgment of the circuit court affirming a decision of the Director of the State Department of Public Health and Welfare suspending old age assistance (OAA) benefits of George D. Brumit (appellant or claimant). Questions involving construction of the constitutions of the United States and this state were raised in the circuit court and are presented here for review. However, the constitutional questions are not reached, because the case may be, and is, decided on another issue. We reverse and remand.

Appellant was placed on old age assistance by the Jackson county office of the Department in July, 1970. His case was closed November 30, 1971, and he was declared ineligible for assistance for the period from December 1, 1971, through September 30, 1972, on the ground it had been determined that in January, 1970, his wife had transferred her interest in her separate real estate without receiving fair and reasonable consideration therefor.

Claimant appealed to the Director of the Department who appointed a referee to hear the evidence, and on December 29, 1971, a hearing was held.

The substance of the evidence presented at the hearing is, briefly, as follows. Irene Brumit, claimant's wife of over 30 years, and her sister, Ida Hardwick, owned real property located at 1405 Madison in Kansas City, Missouri, which was occupied by Mrs. Hardwick as a residence. Mrs. Brumit conveyed her interest in this property to her sister, Ida, in January, 1970, in consideration of Ida's son paying for Mrs. Brumit a judgment against her in the amount of $249.38. A real estate appraiser testified that in January, 1970, this property had a fair market value of $5,000.

Based on this evidence the Director made these findings of fact:

"Claimant's wife owned a one half interest [1] in certain property located at 1405 Madison in Kansas City, Missouri. As of January 1970, this property had a fair market value of $5,000. In January 1970, claimant's wife transferred her interest to her sister. The only consideration given was the payment of a $249.38 judgment against claimant's wife. Thus the amount transferred was $2250.62. * * *."

The Director decided that appellant was ineligible for old age assistance, because his wife had transferred her interest in this real estate without receiving fair and valuable consideration within the meaning of § 208.010, subsection 2(1)(a), RSMo 1969, V.A.M.S.[2]

Claimant appealed from this decision to the circuit court of Jackson county which affirmed, holding that claimant had a fair hearing before the Director and that the Director's decision was based upon substantial evidence and was not arbitrary or unreasonable. This appeal followed.

The parties agree that the nature and scope of judicial review of proceedings be-

1. The record is not clear whether the property was owned by Mrs. Brumit and her sister as joint tenants or as tenants in common. It is spoken of in the record and in the briefs sometimes as one and sometimes as the other. We are unable to verify the accuracy of either. The true nature of their ownership should be made clear on rehearing and the value of Mrs. Brumit's interest should be based thereon.

2. Section 208.010, subsection 2(1)(a), provides, in substance, that old age assistance benefits shall not be payable to any claimant whose spouse with whom he is living has transferred any interest she has in real property within five years without receiving fair and valuable consideration.

fore the Director of the State Department of Public Health and Welfare involving eligibility for old age assistance benefits is that prescribed by Mo.Const. Art. V, § 22, V.A.M.S., as implemented by § 536.140 [3] and Rule 100.07.[4] See: Hill v. State Department of Public Health and Welfare, 503 S.W.2d 6, 11[2] (Mo. banc 1973); Morris v. State Department of Public Health and Welfare, 504 S.W.2d 170, 172[2] (Mo. banc 1974).

"Fair and valuable consideration" is defined in § 208.010, subsection 2(1)(a) as "money or real or personal property received at the time of the transaction approximately equal to the [fair market] value of the property * * * transferred." Davis v. State Department of Public Health and Welfare, 483 S.W.2d 775, 777–778[3, 4] (Mo.App.1972).

■ We agree with appellant's contention, and hold, that the finding and decision of the Director that claimant was disqualified under § 208.010, subsection 2(1)(a), because his wife had transferred her interest in this property within five years without receiving fair and reasonable consideration, is not supported by competent and substantial evidence.

The only evidence on the issue of value of the Madison street property at the time of Mrs. Brumit's conveyance is that as a whole it had a fair market value of $5,000. There is no evidence as to the value of Mrs. Brumit's undivided one-half interest. Moreover, there is no evidence that there was a market for an undivided interest in residence property of a cotenant out of possession. Even if there were a market, there is no evidence which would support a finding that the value of such interest is so much as equal to one-half the value of the whole. Parson v. Miller, 520 P.2d 607, 609[1] (Nev.1974); Davis v. State Department of Public Health and Welfare, supra;

Morris v. State Department of Public Health and Welfare, supra; Weidmaier v. State Department of Public Health and Welfare, 343 S.W.2d 93, 96[3] (Mo.App. 1961).

■ For the reasons stated, the judgment must be reversed and the case remanded for a new hearing, and new findings and conclusions. Appellant contends that it appears from this record that he is entitled to benefits as a matter of law for the ten months (from December 1, 1971, through September 30, 1972) he was declared ineligible and, therefore, the case must be remanded with directions that the Director pay these benefits. In support of this contention, appellant asserts that it is an undisputed fact that the property transferred was Mrs. Brumit's separate property, unavailable to claimant and, therefore, her transfer could not render him ineligible. This conclusion is contrary to the provisions of § 208.010, and without substance. Furthermore, this section does not conflict with the Social Security Act, as contended by appellant. Appellant also asserts in support of this contention, that there is no evidence to support a finding the transfer was without fair and reasonable consideration or that it was for a fraudulent purpose. There is no substantial evidence from which it may be found, and concluded as a matter of law, that the transfer was or was not fraudulent or with or without fair and reasonable consideration.

Accordingly, the judgment is reversed and the case is remanded to the circuit court with directions that it remand the case to the Director with directions that a further hearing be had for the presentation of such additional evidence as may be available, and for new findings and conclusions on the whole record.

All of the Judges concur.

---

3. References to sections of statutes are to RSMo 1969, and V.A.M.S.

4. References to rules are to Missouri Supreme Court Rules and V.A.M.R.