**Mary Ann CONNERS, Appellant,**

v.

**MISSOURI DIVISION OF FAMILY SERVICES, Respondent.**

No. 40175.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 9, 1979.

Kim C. Brown, Legal Aid Society of City of St. Louis & County of St. Louis, St. Louis, for appellant.

Paul T. Keller, Mo. Div. of Family Services, Jefferson City, for respondent.

CRIST, Judge.

Administrative proceeding. Respondent's Medical Review Team (hereinafter "M.R.T.") denied claimant's application for general relief and Medicaid. After an appeal hearing, respondent's director found that claimant was neither unemployable nor disabled, the respective criteria for the two assistance programs. This appeal from the director's decision followed.

■ The scope of our review is governed by V.A.M.S. § 208.100(5), directing us to inquire into "whether or not a fair hearing has been granted the applicant," and by V.A.M.S.Const. Art. V, § 22, requiring a determination of whether the director's decision is "supported by competent and substantial evidence upon the whole record," *Hill v. State Dept. of Public Health & Welfare*, 503 S.W.2d 6, 11 (Mo. banc 1973). This latter provision requires a determina-

tion of whether, considering all the evidence adduced on both sides of a disputed issue, the administrative body could reasonably have reached the challenged decision. *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50, 53 (Mo.App.1975).

■ Claimant's first contention is that she was denied a fair hearing due to the "bias" of the hearing officer. This "bias" is allegedly revealed by the hearing officer's comment on the record that she lacked the power to recommend a final decision to the director. Such conduct does not constitute denial of a fair hearing. See *Cummins v. State Dept. of Public Health & Welfare*, 481 S.W.2d 639, 642 (Mo.App.1972).

■ Claimant also contends that she was denied a fair hearing in that the physician member of the M.R.T. was not present for cross-examination purposes, even though the M.R.T. decision was admitted into evidence. Claimant's failure to subpoena the physician as provided for in 13 C.S.R. 40–2.-160(3)(C) precludes her from now complaining of a deprivation of the right to cross-examine the doctor. *Richardson v. Perales*, 402 U.S. 389, 404–5, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ Claimant also complains that the M.R.T. decision was erroneously admitted into evidence in that it was hearsay. The admission of hearsay evidence does not automatically demonstrate that a fair hearing was not granted, *Garrard v. State Dept. of Public Health & Welfare*, 375 S.W.2d 582, 587 (Mo.App.1964). The M.R.T. decision itself consists of a one-page, pre-printed form containing the bare conclusion that claimant is not sufficiently disabled to be eligible for assistance. In view of the extensive and voluminous medical, psychological, social data supplied by claimant and introduced at her hearing, the prejudicial effect of the M.R.T. decision, if any, was at best negligible. Claimant was clearly not thereby deprived of a fair hearing.

■ Claimant also urges reversal on the ground that the M.R.T. was improperly constituted of unqualified personnel. This appeal is taken from the decision of the di-

rector, which is required to be independently based on the record generated at the appeal hearing, V.A.M.S. § 208.080(3), and which is thus presumably free of any inadequacy which might have earlier tainted the proceeding. Whether the M.R.T. measured up to the applicable guidelines is not a question for our consideration. *Tillman v. Wedge Mobile Serv. Station*, 565 S.W.2d 653, 658 (Mo.App.1978).

■ Finally, claimant maintains that the director's decision is not supported by competent and substantial evidence when the record is viewed as a whole. A complete resume of the medical and other expert evidence would be pointless. It is sufficient to note that the medical and psychological evaluations submitted by claimant are virtually unanimous in concluding that claimant was neither severely nor permanently disabled. The only evidence to the contrary is the conclusion of one vocational counselor that claimant was temporarily unemployable due to emotional fragility.

Claimant having received a fair hearing, and the director's decision being supported by competent and substantial evidence on the whole record, that decision should be, and is, affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.