Gail DUNLAP, Appellant,

v.

**MISSOURI DIVISION OF FAMILY SERVICES, Respondent.**

No. 40473.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 6, 1979.

The Legal Aid Society of the City & County of St. Louis, Kim C. Brown, St. Louis, for appellant.

Paul T. Keller, Senior Counsel, Div. of Family Services, Jefferson City, for respondent.

CRIST, Judge.

Administrative proceeding. Aid to Families with Dependent Children case (hereinafter, A.F.D.C.). The Director of the Missouri Division of Family Services found plaintiff ineligible for A.F.D.C. because she possessed property valued in excess of the $10,500.00 statutory maximum established by § 208.010–2(4) RSMo.Supp.1975. The Circuit Court of St. Louis County affirmed the Director and plaintiff appeals. We affirm.

Under § 208.100–5 RSMo.1969, our determination is limited to whether or not a fair hearing has been granted and whether the Director's decision is supported by competent and substantial evidence on the whole record. *See Hill v. State Dept. of Public Health & Welfare,* 503 S.W.2d 6, 11 (Mo. banc 1973). The Director's decision is supported by competent and substantial evidence upon the whole record if he could reasonably have reached the challenged decision. *Brooks v. General Motors Assembly Division,* 527 S.W.2d 50, 53 (Mo.App.1975).

Plaintiff claims that the decision of the Director finding the value of her property interest to be in excess of $10,500.00 was not supported by competent and substantial evidence. She says this is so because the real estate in question was valued as a whole at $30,000.00 when it was jointly held by her and her mother. Accordingly, there was no proof of the market value of her interest. She relies on *Brumit v. State Dept. of Public Health & Welfare,* 521 S.W.2d 445 (Mo.1975). Plaintiff would be correct in her contention if the only evidence adduced was that she had jointly held real estate worth $30,000.00.

What was the other evidence on which the Director could have found that plaintiff's property exceeded $10,500.00 in value? She paid $15,081.22 of the purchase price of the property. Her mother paid the balance, $13,029.48. The purchase price was fully paid. The Director could reasonably have found that she was buying the property for herself and owed part of the purchase price to her mother. She was living with her children in the real estate—and not with her mother. When she made application for A.F.D.C. she showed an equity in the real estate of $15,000.00 and an amount owed of $15,000.00. She explained in the application statement that "her mother had paid for half of the house and that she was paying her mother back." She was making the payments.

The Director had the obligation to determine the value of such property "of which [claimant] is the record or beneficial owner." § 208.010–2(4) RSMo.Supp.1975. *See Powers v. State Dept. of Public Health & Welfare,* 359 S.W.2d 23, 28 (Mo.App.1962). He could reasonably have found that the mother's name was on the deed only to protect her security of the money so paid to enable plaintiff to purchase the property. We find that the Director's decision was supported by competent and substantial evidence on the whole record. *Garrard v. State Dept. of Public Health & Welfare,* 375 S.W.2d 582 (Mo.App.1964); *Cummins v. State Dept. of Public Health & Welfare,* 481 S.W.2d 639 (Mo.App.1972); *Missouri Church of Scientology v. State Tax Comm.,* 560 S.W.2d 837 (Mo.banc 1977).

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.