Azalee BELL, Appellant,

v.

MISSOURI STATE DIVISION OF FAMILY SERVICES, Respondent.

No. KCD 30811.

Missouri Court of Appeals, Western District.

April 7, 1980.

Effie F. Day and James M. Smith, Kansas City, for appellant.

Paul T. Keller, Jefferson City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

The trial court affirmed the decision of the Director of Family Services denying

medical assistance to Azalee Bell. Mrs. Bell had applied for medical assistance under the provisions of § 208.151, RSMo 1978, claiming that she was "permanently and totally disabled". The local (Jackson County) office of the Division of Family Services had determined that Mrs. Bell was not permanently and totally disabled. Mrs. Bell appealed to the Director, § 208.080, RSMo 1978, and a hearing was held. The Director concluded after hearing, that Mrs. Bell was not permanently and totally disabled, and denied her claim for medical assistance. Upon appeal to the circuit court under § 208.100(4), RSMo 1978, the trial court sustained the decision of the Director.

Mrs. Bell has appealed to this court the adverse decision of the circuit court.

■ We review upon the record made in the appeal hearing before the Director of the Division of Family Services. The scope of our review is conterminous with that of the circuit court[1] . . . that is, to determine, upon the basis of the record made before the Director of the Division of Family Services, whether or not a "fair hearing" was granted to the applicant, and whether the decision of the Director was "arbitrary and unreasonable", § 208.100, or "unauthorized by law", § 536.140(2), RSMo 1969; *Shefton v. Mo. State Division of Family Services*, 577 S.W.2d 57 (Mo.App.1978); *Hill v. State Department of Public Health and Welfare*, 503 S.W.2d 6 (Mo. banc 1973).

Appellant's targets upon this appeal are two written medical reports which were admitted into evidence in the appeal hearing over her objection. These are reports of the "Medical Review Team", made up of a physician and a social worker in the employ of the Division of Family Services. The reports are based upon a review of other medical evidence submitted to them. One such report was dated May 17, 1978. It is entitled: "Medical Review Team findings on incapacity factor". It states that the members of the team have reviewed the medical reports and social information and

certify "that this person is 'ineligible for M.A.'" It is signed by the physician and the social worker.

After the appeal hearing, the medical reports received in the hearing were submitted to the Medical Review Team. By report dated September 7, 1978, and added to the appeal hearing record, the Medical Review Team once again found and reported that the claimant was "ineligible for M.A." Their conclusions on both reports are indicated by checkmarks on preprinted forms.

*Written medical reports as inadmissible hearsay.*

■ The written reports of the Medical Review Team were inadmissible hearsay, and their reception as evidence was erroneous. *Connors v. Missouri Division of Family Services*, 576 S.W.2d 568 (Mo.App.1979); *Garrard v. State Dept. of Public Health & Welfare*, 375 S.W.2d 582 (Mo.App.1964). They are not made admissible by § 208.075, RSMo 1978, which provides for admission into evidence of "the written reports of the *examination* or *reexamination* made by competent medical or other appropriate authority designated by the Division of Welfare" (emphasis supplied). That statute does make admissible, despite their hearsay character, the written reports of examining physicians designated by the Division, but it does not authorize the admission into evidence of the reports of non-examining physicians, such as the Medical Review Team, who base their reports only upon other data furnished to them.

*Sufficient evidence to support Director's decision without incompetent evidence; role of inadmissible evidence in decision.*

■ The Director does not contend that the challenged evidence was admissible, but says that competent and substantial evidence remains to support the Director's decision even after the exclusion of the Medical Review Team's reports. If there is com-

---

1. In appeals from decisions of the administrative hearing commission under § 161.337, RSMo 1978, the circuit court step is omitted and the appeal is taken directly to the appropriate appellate court.

petent and substantial evidence to support the Director's decision, exclusive of the inadmissible evidence, then ordinarily the Director's decision would be upheld. *Connors v. Missouri Division of Family Services, supra*; *Garrard v. State Dept. of Public Health & Welfare, supra.* That rule, however, is subject to the following qualification: If the improperly admitted evidence appears from the record to have played a prominent part in the Director's decision, so that the reviewing court is left with a grave doubt whether the Director would have reached the same decision absent the inadmissible evidence, then the Director's decision cannot stand. It must be remanded to the fact-finder for redetermination of the issues. *SEC v. Chenery Corp.*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943); *Arnold v. Morton*, 529 F.2d 1101, 1105 (9th Cir. 1976); *United States ex rel. Checkman v. Laird*, 469 F.2d 773, 780–1 (2d Cir. 1972).

■ In the case before us, it is quite plain that the Director rested her decision solely upon the reports of the Medical Review Team which we have described. The Director does not pretend to find for herself, on the basis of the evidence before her, any facts as to Mrs. Bell's physical condition, whether she is disabled, and, if so, whether her disability is permanent or total. On that score it finds only: "The Medical Review Team examined the information on May 17, 1978, and determined that the claimant is not medically eligible for medical assistance benefits . . . (O)n September 7, 1978, the Medical Review Team again determined that the claimant does not have a medical disability severe enough for medical assistance . . ." The decision goes ahead to say:

> "§ 40–2.200 of the Division of Family Services Rules and Regulations states the medical diagnosis and other medical information on medical assistance cases

shall be reviewed by a medical consultant employed by the Division of Family Services who shall certify eligibility or ineligibility on the basis of permanent and total disability.

"On May 17, 1978, and September 7, 1978, the Medical Review Team determined that the claimant's medical information does not indicate a disability severe enough for medical assistance benefits. Thus, the agency's action to deny benefits is affirmed."

It is plain, therefore, that the Director did not undertake to weigh and evaluate the testimony presented upon appeal, which included the testimony of the claimant herself and a great deal of medical evidence in the form of reports of examining and treating physicians. The Director placed her decision exclusively upon the report of the Medical Review Team, thus abdicating her statutory responsibility to weigh and evaluate the evidence.

Could we with confidence say that the Director's decision would be the same without as with the improperly admitted evidence, then we could affirm without remand. See, for example, *Connors, supra*, and *Young v. Young*, 588 S.W.2d 207, 210–211 (Mo.App.1979). But we do not have that "subjective certainty" what the Director's decision would be. *NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n.6, 89 S.Ct. 1426, 1429 n.6, 22 L.Ed.2d 709 (1969); *Arnold v. Morton, supra* at 1105. The properly admitted evidence in this case might very well be found upon reconsideration to support the appellant's position. It is not for us to make that initial determination; that is for the Director.

*Validity of administrative rule making Medical Review Team report decisive.*

■ Insofar as Division Regulation 13 CSR 40–2.200[2] purports to make the Medi-

2. The pertinent part of 13 CSR 40–2.200 reads as follows:

> "This rule provides that the decision on the factor of disability shall be made by a qualified medical consultant employed by the Division, and establishes the principles used by county staff in determining eligibility for Medical Assistance only on the basis of income.

> "(1) The medical diagnosis and other medical information on Medical Assistance, supplemental nursing care, Aid of the Blind, and Blind Pension cases shall be reviewed by a medical consultant employed by the Division of Family Services, who shall certify eligibility or ineligibility on the basis of permanent and total disability or vision, . . . ."

cal Review Team report decisive upon the appeal hearing—its admissibility aside—the rule is invalid because at odds with § 208.-075, RSMo 1978. That statute contemplates a decision by the Director at which *all evidence* is to be considered. Note the language of subsection (2) of the statute. After providing that certain medical reports are admissible evidence, that subsection says that they are to be "considered by the Director with any other evidence submitted". Even more to the point is § 208.-080(3), which provides for reception of all evidence and provides that the *Director* shall determine all questions provided by the appeal "upon the record so made".

The rule-making power of the Division of Family Services is granted by § 207.020, subsection 1(5), RSMo, as amended 1977, in the following terms: "(5) To adopt, amend and repeal rules and regulations necessary and desirable to carry out the provisions of this chapter and which are not inconsistent with the constitution and laws of this state . . ." Any rules adopted by the Division must be consonant with the statutes and not inconsistent therewith. Rule 13 CSR 40–2.200, insofar as it makes the Medical Review Team report controlling upon the Director upon appeal, is inconsistent with § 208.075, *supra*, and to that extent invalid.

*Pretermitted points.*

In view of the disposition which we have made of the case, it is not necessary for us to decide the appellant's point that she did not have notice and an opportunity for a hearing upon her appeal in the circuit court, nor her complaint that her written "comments" upon the September, 1978, report of the Medical Review Team were omitted from the record of the appeal hearing which was certified by the Director to the circuit court. § 208.100(3), RSMo 1978.

*Conclusion.*

The judgment is reversed and the case is remanded to the trial court for remand to the Director of the Missouri State Division of Family Services "for redetermination of the issues by said Director", § 208.100.

All concur.