Charles COVINGTON,
Plaintiff-Appellant,

v.

MISSOURI STATE DIVISION OF
FAMILY SERVICES,
Defendant-Respondent.

No. WD30904.

Missouri Court of Appeals,
Western District.

Aug. 4, 1980.

Effie F. Day, James M. Smith, Legal Aid of Western Missouri, Kansas City, for plaintiff-appellant.

Robert R. Northcutt, Jefferson City, for defendant-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

This is an appeal from the order of the circuit court affirming the denial of general relief benefits by the Division of Family Services. The dispositive issue is the sufficiency of the competent and substantial evidence to support the administrative order.

Covington applied for welfare benefits on March 13, 1978, claiming unemployment due to a physical disability. This disability, pain in the back, shoulder, and wrist, resulted from a fall on ice suffered on February 23, 1978. Prior to this incident, Covington, a 49-year-old male with a third grade education, had been employed in a variety of manual labor positions.

The day following the accident, Dr. Taliaferro, M. D., provided medical attention. After X-rays, pain medication, and several office visits, Covington was admitted on recommendation of Dr. Taliaferro to Bethany Hospital on March 13, 1978. Covington was there six days and underwent further X-rays and examinations by Dr. Taliaferro and Dr. R. A. Gruendel, M. D., a back specialist. Dr. Taliaferro diagnosed "1) Lumbosacral strain, 2) Sacral coccygeal contusion, 3) Strain left shoulder with possible tear of the rotator cuff, 4) Strain right wrist." The report of Dr. Gruendel revealed "1) Rotator cuff injury left shoulder, 2) Rule out sacroiliac or hip lesion on the left versus lumbar strain." Following release, Dr. Gruendel further treated Covington three times with shots and medication.

Mr. Ron Ryan, a caseworker for the Division of Family Services, processed Covington's application for relief benefits and conducted an interview. Disability evaluation forms were supplied to each doctor in order to determine the extent of Covington's injuries and the status of his incapacity for employment. Neither doctor thoroughly completed the form, and both omitted to indicate whether the physical disability rendered Covington "incapacitated to work at any occupation for which his age, training, experience, or education will fit him." Dr. Taliaferro enclosed all the medical and hospital reports he had concerning Covington. He noted on the disability form that the was "uncertain" as to the duration of the incapacity. Dr. Gruendel's evaluation report, dated May 15, 1978, summarized Covington's condition as "shoulder pain with limited motion and weakness, low back pain with motion—unable to do lifting or bending activities at present."

Mr. Ryan submitted these disability evaluation reports and a social information summary to the Division's Medical Review Team, a procedure followed when an applicant's doctor fails to certify an applicant as unemployable due to a disability.

At the hearing, Covington and Ryan testified as to the facts and were cross-examined. The Division offered as evidence the doctors' medical records and evaluation forms, the social information summary, and the Medical Review Team's report. Covington objected to the admission of the Medical Review Team report. The hearing officer noted this objection for the record and stated that the objection would be "dealt with in the hearing decision." Significantly, Covington submitted an exhibit to which no objection was made, which was a letter from Dr. Taliaferro dated four days before the hearing. The text of the letter is:

"Mr. Covington was under my care on April 17, 1978 for injuries.

Examination at that time revealed that Mr. Covington was totally disabled."

On July 28, 1978, the Director of the Division of Family Services found that the medical reports did not show a disability which rendered Covington unemployable and sustained the original rejection. The Director also found that neither treating physician gave an opinion on whether Covington's physical condition incapacitated him to work. In response to the objection to the Medical Review Team's report, the decision and award stated only that when a physician's medical report fails to state clearly a diagnosis or unemployability, the team holds the responsibility for reviewing the reports and making a decision on employability based on facts presented.

■ Review of this case is limited to a determination of whether a fair hearing has been granted and whether the Director's decision is supported by competent and substantial evidence upon the whole record. Mo.Const. Art. V, § 18; § 208.100(5) RSMo 1978; *Hill v. State Dept. of Public Health and Welfare*, 503 S.W.2d 6 (Mo. banc 1973); *Shefton v. Missouri State Division of Family Services*, 577 S.W.2d 57 (Mo.App. 1979).

Further, the challenged decision must have been reasonably reached after complete examination of all the evidence. *Dunlap v. Missouri Division of Family Services*, 584 S.W.2d 104 (Mo.App. 1979); *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50 (Mo.App. 1975).

 The first issue is the admissibility of the hearsay report of the medical review team. The Director argues that the admission of the hearsay evidence does not automatically demonstrate that a fair hearing was not provided, citing *Conners v. Missouri Div. of Family Services*, 576 S.W.2d 568 (Mo.App. 1979) and *Garrard v. State Dept. of Public Health and Welfare*, 375 S.W.2d 582 (Mo.App. 1964). In *Conners* and *Garrard*, the opinions do hold that the admission of medical review teams' conclusions created no prejudicial effect in view of the other extensive medical reports available in those cases sustaining the position of the Director. They do not hold that such hearsay evidence is admissible and will support an award. The Director tacitly concedes, by the argument made, that the report of the medical review team was inadmissible. When the medical review team's conclusion is removed from consideration, there is no evidence in the record supportive of a finding that Covington was not disabled from performing an occupation for which he is qualified. *Cf. Bell v. Missouri State Division of Family Services*, 597 S.W.2d 699 (Mo.App. 1980).

The question presented the Director was whether or not Covington was disabled to such an extent that employment commensurate with his education, training, and experience was impossible. The facts show he had an employment history of physical labor and that his education was limited to third grade. A definition of incapacitated or unemployable, the required status to obtain general relief benefits, is that the person be prevented by physical handicaps or illness from performing occupations for which he is qualified. 13 C.S.R. 40–2.-070(1)(B)(1).

The evidence recited above, which was uncontradicted absent the medical review team's assertion, demonstrates that the only evidence in the case raises an inference of disability and not of employability. This is particularly true in the light of the unobjected to declaration by Dr. Taliaferro that Covington was totally disabled on April 17th. In these circumstances, the denial of benefits was improper. The cause is remanded to the circuit court with directions to remand it to the Division of Family Services to determine the extent of benefits payable to Covington at the time of the original hearing before the referee on July 18, 1978.

All concur.