BIG PINEY AGGREGATES,
INC., Respondent,

v.

MISSOURI HIGHWAY & TRANSPORTATION COMMISSION, Appellant.

No. 43225.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

William T. Powers, Bruce A. Ring, Springfield, for appellant.

J. B. Carter, John H. Lamming, Clayton, for respondent.

CLEMENS, Senior Judge.

The issue here is the circuit court's role in reviewing an administrative hearing. Here, the court treated the case as one on appeal—rather than one for administrative review—and remanded the case to the

Highway Commission for rehearing. This was reversible error.

Plaintiff Big Piney Aggregates, Inc., had applied to defendant Highway Commission for relocation damages. The Commission conducted an evidentiary hearing. It awarded plaintiff only $500 on its $90,000-plus claim. Plaintiff applied to the circuit court for review of the award. Sections 536.100 and 536.140, RSMo 1980.

On review the circuit court remanded the case to the Commission for a new evidentiary hearing, holding: "The court finds the Administrative Hearing Practice of the Missouri Highway and Transportation Commission to appear grossly unfair and remands the cause to the Highway Commission for a hearing on the claim of Plaintiff, such hearing to comport with the Anglo-American tradition of fairness."

The core of plaintiff's complaint below was that the Commission's evidentiary hearing was conducted by one of its own employees.

Plaintiff cites two cases on administrative review: *Perez v. Webb*, 533 S.W.2d 650 (Mo.App.1976), and *Washington Commercial Bank v. Bollwerk*, 582 S.W.2d 695 (Mo. App.1979). Each case concerns a circuit court's range of review of an administrative order; neither authorizes a reviewing court—as the court did here—to remand for a new evidentiary hearing. Instead, the statutory scheme is for the administrative body to conduct the evidentiary hearing and make its finding and order. That order may then be appealed to the circuit court for review, not for rehearing.

Thus, in *Aubuchon v. Gasconade County R–I School District*, 541 S.W.2d 322[9, 10] (Mo.App.1976), a discharged teacher challenged the dual capacity of her school district to both make the charge and decide it. The court answered: "This allegation is unfounded. The mere fact an administrative body initiates a charge and then tries it does not alone vitiate the proceedings *if judicial review is provided.*" (Our emphasis.) To the same effect see *Cummins v. State Department of Public Health and Welfare*, 481 S.W.2d 639[3] (Mo.App.1973).

On remand, the circuit court shall review the record made before the Commission and rule on charges plaintiff made in its petition for review.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.