John T. Brownfield, Respondent, v. Social Security Commission of Missouri, Appellant.—155 S. W. (2d) 905.

Springfield Court of Appeals.   November 19, 1941.

*Roy McKittrick*, Attorney-General, and *B. Richards Creech*, Assistant Attorney-General, for appellant.

*J. L. Bess* for respondent.

BLAIR, P. J.—This is an appeal from the Circuit Court of Howell County, Missouri, from a judgment of that court of July 31, 1941, setting aside an order of the Social Security Commission of Missouri, on an appeal by respondent here to said circuit court, and remanding the case to the Social Security Commission of Missouri for further review upon the application of respondent here for old age assistance.

We are met at the outset by a motion of the respondent for dismissal of the appeal on the ground that said appeal was not timely taken. This requires this court to determine within what time and in what manner an appeal may be taken from the circuit court in a social security case.

There is no controversy about the facts of such appeal. The final judgment or order of the circuit court was rendered July 31, 1941, and the trial court then finally adjourned the June, 1941, term of his court. On August 14, 1941, or fourteen days thereafter, at what we understand was a called term of the June, 1941, term of said circuit court, appellant here, the Social Security Commission of Missouri, filed a motion for a new trial and on the same day and following the overruling of said motion, an appeal was granted to said Social Security Commission to this court, and the trial court, by a *nunc pro tunc* order, endeavored to make its records relate back to July 31, 1941, and to make such records show that the filing of the motion for new trial and the granting of appeal to appellant occurred on July 31, 1941. We do not deem it necessary, in the view we take of the applicable statute, to consider the propriety of such alleged *nunc pro tunc* order.

Under Section 16, Laws of 1937, page 475, it is provided:

"Appeals may be had from the circuit court as in civil cases;" but this section was expressly repealed by Laws of 1939, Sec. 1, at page 736, and a new Section 16 was enacted in lieu thereof, and the new enactment provides:

"Appeals may be had by either party from the circuit court upon the record in the same manner as provided herein for appeals from the State Commission to the Circuit Court."

The same new section provides that,

"Any applicant aggrieved by the action of the State Commission by the denial of benefits in passing upon the appeal to the State Commission may appeal to the circuit court of the county in which such applicant resides within ninety days from the date of the action and decision appealed from."

Said Section 16, Laws of 1939, then proceeds to say what the State Commission shall do to expedite such appeals to the circuit court.

It is the contention of appellant that this is a separate scheme and a new provision for appeals and that the appellate practice in ordinary civil cases has no application; that the case is heard on appeal upon the record made before the State Social Security Commission and an

appeal from the circuit court is allowed at any time within ninety days from the date of the order of the circuit court and that not even a motion for new trial is required.

It must be conceded that all appeals must be provided for by statute, or no appeal is allowable. The time and manner of such appeal is also governed entirely by statute. It is the opinion of this court that the General Assembly has provided for the time of such appeal when it said: "Appeals may be had by either party from the circuit court upon the record in the same manner as provided herein for appeals from the State Commission to the Circuit Court."

Such appeals are on the record made before the State Social Security Commission and no motion for new trial is provided for and such appeal may be taken at any time within ninety days from the date of the judgment in the circuit court. We think "the same manner" includes the time, as well as the other things to be done by the Commission to effectuate appeals from its orders to the circuit court, and hence to this court from the circuit court.

With this view of the law, respondent's motion to dismiss the appeal should be overruled; but said Section 16 of the Laws of 1939, page 736, did not undertake to provide what rules should govern such appeals when the case reached the appellate court, and we must be governed by our own rules as to such appellate procedure. Rule 12 of this court is in part as follows:

"Rule 12. Abstracts in Lieu of Transcripts When Filed and Served.—In those cases where the appellant shall, under the provisions of Section 2048, Revised Statutes of 1909, file in this court a copy of the judgment, order or decree, in lieu of a complete transcript, he shall deliver to the respondent a copy of his abstract, at least thirty days before the cause is set for hearing, and shall in like time file *eight copies* thereof with the clerk of this court. If the respondent is not satisfied with such abstract, he shall deliver to the appellant a complete and additional abstract at least fifteen days before the cause is set for hearing, and within like time file *eight copies* thereof with the clerk of this court. . . ."

Under the rule quoted, respondent was entitled to be served with appellant's abstract and brief thirty days before this case was set for trial. Respondent was not so served, and has filed a motion to dismiss the appeal on that ground.

The appeal was actually taken August 14, 1941. We have held in another paragraph in this opinion that this particular appellant had ninety days in which to appeal, but the appeal actually taken was more than fifteen days before the October Term, 1941, of this court, but not sixty days before such October Term, 1941. See Section 1193, R. S. Mo. 1939, which in part reads as follows:

"All appeals taken sixty days before the first day of the next term of the supreme court or either of the courts of appeals shall be re-

turnable to such next term, and all appeals taken in less than sixty days before the first day of such next term shall be returnable to the second term thereafter. . . .''

Under Section 2077, R. S. Mo. 1939, this court holds a term of court beginning on the first Monday in October each year, which fell on October 6th this year of 1941. The appeal of appellant was therefore not actually taken sixty days before our October Term and such case was not properly returnable, under Sections 1193 and 2077, R. S. Mo. 1939, until the March Term, 1942, of this court.

The motion of respondent to dismiss the appeal for failure to file abstract and brief within the time required by our Rule No. 12 is therefore overruled and the case is continued until the March Term, 1942, at which time it would have been returnable under Section 1193, R. S. Mo. 1939. It is so ordered. *Smith* and *Fulbright, JJ.,* concur.