**Gerald H. GOLDBERG, Director of Revenue, State of Missouri, Appellant,**

v.

**Gerald J. MOS, Jr., Executor, Gerald J. Mos, III, Respondents.**

**In the ESTATE OF Sara Mae MOS.**

**No. 63084.**

Supreme Court of Missouri, Division No. 2.

April 6, 1982.

Rehearing Denied May 11, 1982.

Mary C. P. Pincus, Asst. Atty. Gen., Jefferson City, for appellant.

R. H. Mos, Jr., Kansas City, for respondents.

ELLEN S. ROPER, Special Judge.

The Director of Revenue appeals the judgment of the Circuit Court of Clay County assessing inheritance tax. The appeal was transferred from the Missouri Court of Appeals Western District. This court has jurisdiction because the appeal involves the construction of revenue laws of this state in effect at the time of the appeal. *Matter of Estate of Van Cleave*, 610 S.W.2d 620, 621 at Footnote 2 (Mo. banc 1981); Mo.Const. Art. V, Sec. 3. Appeal is dismissed.

Upon the filing of a petition by Respondent Gerald J. Mos, III, for an order assessing inheritance tax, the Probate Division of the Circuit Court of Clay County without the appointment of an inheritance tax appraiser pursuant to Section 145.150, RSMo 1978 (repealed effective January 1, 1981), set the matter for hearing and notified appellant of the hearing, which was held on June 26, 1979. On that date, the Probate Division made a "Judgment Entry" adjudging that decedent Sara Mae Mos had equitably adopted Respondent Gerald J. Mos, Jr. as her son and thus Respondent Gerald J. Mos, III, was decedent's grandson for the purpose of Missouri inheritance tax and that his interest in decedent's estate should be taxed at the rate established for lineal descendents. The "Judgment Entry" did not determine the clear market value of decedent's estate, the lawful deductions, the net value of the estate, the dollar value of

the interests of any of the five named beneficiaries, the legal exemptions each beneficiary was entitled to, the rate of tax for the beneficiaries except for Respondent Gerald J. Mos, III, or the amount of tax due and owing. Thereafter, on August 13, 1979, without further notice to any of the parties or beneficiaries, the Probate Division entered an order determining the aforementioned values and fixing the amount of tax due on each beneficiary's share of the estate. Appellant on September 10, 1979, filed objections to the inheritance tax order with respect to the tax due by Respondent Gerald J. Mos, III and by Ann Whipple (not a party to this appeal). The objections were captioned "Exceptions to Appraiser's Report" and were overruled by the Probate Division on March 4, 1980. Notice of Appeal was filed on March 14, 1980.

At issue is the timeliness of the appeal. The parties concede the appeal is governed by Chapter 145, RSMo 1978. Appellant contends the order assessing tax became final for the purpose of appeal only when the court ruled on pending objections to the order (March 4, 1980) while Respondents urge the order assessing tax became final when entered (August 13, 1979) and that the order fixing the rate of tax on Gerald J. Mos, III's interest became final when entered (June 26, 1979).

The Probate Court and thereafter the Probate Division of the Circuit Court was given authority to determine inheritance tax and any issues related thereto by Section 145.150, *supra*, as follows:

"1. The probate court which grants letters testamentary or of administration, either original or ancillary, on the estate of any decedent, has jurisdiction to determine the amount of the tax provided for in this chapter and the person, association, institution or corporation liable therefor, and to determine any question which may arise in connection therewith, and to do any act in relation thereto which is authorized by law to be done by such court in other matters or proceedings coming within its jurisdiction.

2. The court shall immediately upon the filing of the inventory and appraisement of the estate of a decedent, examine the same, and if it is apparent, in the opinion of the court, that the estate is not subject to the tax provided for in this law, its finding and opinion shall be entered of record in the court and thereupon the provisions of section 145.210 become inoperative as to the holders of funds or other property thereof, and there shall be no further proceedings relating to such tax, unless upon the application of interested parties the existence of other property or an erroneous appraisement is shown.

3. If it appears that the estate may be subject to such tax, the court shall set a day for the hearing and determining the amount of the tax and shall cause notice thereof to be given in the same time and manner and to the same parties as is herein provided for appraisers, or the court, before determining such matters, may of its own motion, or on the application of any interested person, including the director of revenue, the prosecuting attorney or attorney general, appoint some qualified taxpaying citizen of the county, who is not executor, administrator or beneficially interested in the estate or the attorney for any of the parties, as appraiser to appraise and fix the clear market value of any property, estate or interest therein, or income therefrom which is subject to the payment of a tax under this chapter.

4. Every such appraiser shall make and subscribe, and file with the court appointing him, an oath that he will faithfully and impartially discharge his duties as appraiser and that he will appraise all the property, estate, interest therein or income therefrom involved in the proceeding in which he is appointed at its clear market value and shall forthwith fix a time and place for hearing the evidence and shall file notice thereof with the court appointing him not less than ten days prior to the date fixed and shall also give notice by mail to all interested persons whose address he may have, always including the director of revenue and the prosecuting attorney of the county.

5. ...."

The appeal of inheritance tax orders is governed by Section 145.170, paragraph 2, RSMo 1978 (repealed effective January 1, 1981):

"Any person aggrieved by the judgment of the court as to the amount of liability for the tax may appeal to the court having jurisdiction of appeals from said court in ordinary civil actions ..."

■ A notice of appeal must be filed no later than ten days after a judgment or order becomes final. *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 693 at Footnote 1 (Mo. banc 1979); *Barker Phillips, Inc. v. Caviness*, 603 S.W.2d 715 (Mo.App.1980); Rule 81.04, V.A.M.R. The timely filing of a notice of appeal is jurisdictional. *State ex rel. State Highway Commission v. Tate*, 576 S.W.2d 529, 531 (Mo. banc 1979); *Gollehon v. Branson*, 603 S.W.2d 56, 57 (Mo.App. 1980). A judgment becomes final for the purpose of appeal thirty days after the entry of judgment absent the filing of a timely motion for new trial. *Terrell v. Terrell*, 582 S.W.2d 720, 722 (Mo.App.1979). A judgment is not final until disposition of all issues between the parties. *Hill v. Boles*, 583 S.W.2d 141 (Mo. banc 1979).

■ The "Judgment Entry" of June 26, 1979, did not dispose of all pending issues and thus was not final for the purpose of appeal. *Hill v. Boles, supra* at 147. The inheritance tax order of August 13, 1979, was a final order as it did determine the fair market value of the decedent's estate, the lawful deductions, the value of each beneficiary's share, the legal exemption and rate of tax applicable to each share as well as the amount of tax due. Since no motion for new trial was filed, the order assessing inheritance tax entered on August 13, 1979, became final on September 13, 1979. *Foster v. State*, 590 S.W.2d 912, 913 (Mo. banc 1979). Rules 81.04(a) and 44.01(a), V.A. M.R. The notice of appeal was not filed until March 14, 1980, and was thus untimely. This Court is without jurisdiction to consider the appeal and it must be dismissed. *Foster v. State, supra* at 914.

■ Appellant urges that its inaccurately captioned pleading "Exceptions to Appraiser's Report", be construed as a proper after-trial motion whose filing delayed the finality of the inheritance tax order. Appellant postulates that since there is a statutory right under Section 145.170.1, RSMo 1979 (repealed effective January 1, 1981)[1] to file exceptions to the inheritance tax appraiser's report, there should be a parallel right to file exceptions to the court's order when no appraiser is appointed. No authority is cited.

In the construction of tax laws, we are bound by the rule that such statutes must be strictly construed against the taxing authority and in favor of the taxpayer. *Goldberg v. Administrative Hearing Commission*, 609 S.W.2d 140, 144 (Mo. banc 1980); *Armack's Estate v. State*, 561 S.W.2d 109, 111 (Mo. banc 1978). We fail to see how the statutory right to file exceptions to an inheritance appraiser's *report* should be construed to permit the filing of exceptions to the court's *order*. The appraiser's report fixes the clear market value of all property, estate, interest or income subject to inheritance tax. Sections 145.150.3 and 145.160, RSMo 1978 (repealed effective January 1, 1981). The Court, not the appraiser, determines tax after the appraiser's report is filed. Section 145.180, RSMo 1978 (repealed effective January 1, 1981). There is no statutory right to file exceptions to the court's *order* when the appraiser's report is filed and we hold that there is no statutory right to file exceptions to the court's *order* when an appraiser is not appointed.

Since we judge a pleading by its subject matter and not by its caption, appellant's "Exceptions to Appraiser's Report" might be construed as a Motion for New Trial. *Continent Foods Corp. v. National Northwood, Inc.*, 470 S.W.2d 315, 317 (Mo.App.

---

1. Any interested person, including the director of revenue, attorney general or prosecuting attorney of the county may file exceptions to the report of the appraiser within thirty days after the date same is filed, specifically pointing out his or their objection thereto, and such exception shall be determined by the court in a summary manner.

1971). This pleading was filed twenty-eight days after the order assessing tax and was thus untimely as a motion for new trial. *Halmich v. McCullough*, 534 S.W.2d 842, 843 (Mo.App.1976); Rules 73.01(a)(3) and 81.-05(a), V.A.M.R.

Appeal is ordered dismissed.

WELLIVER, P. J., SEILER and HIGGINS, JJ., and REINHARD, Special Judge, concur.