**Ronald L. BOYER, Plaintiff-Appellant,**

v.

**Carol M. SHAY, Defendant-Respondent.**

No. 47436.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 8, 1984.

Ronald L. Boyer, pro se.

Paul E. Kovacs, Clayton, for defendant-respondent.

KAROHL, Judge.

Plaintiff-appellant has attempted to appeal from dismissal of a personal injury suit. The appeal is dismissed as not timely filed.

On May 5, 1983, appellant's personal injury suit was dismissed for failure to prosecute. The suit was originally filed on March 25, 1980 by appellant's attorney. By leave the attorney withdrew on January 3, 1983. On January 17, 1983, plaintiff entered his appearance as attorney pro se. We learn from appellant's application for a writ of mandamus filed in this court, E.D. 47345, that appellant was notified of a trial setting in the circuit court of St. Louis County on May 5, 1983. The petition for writ of mandamus requested this court to order the circuit court to "reinstate petitioner's 'personal injury suit'." The writ was denied by order which provided that the denial was without prejudice to appellant's right to file an appeal of the dismissal "on or before June 14, 1983." The notice of appeal was filed in the circuit court on June 24, 1983.

The right of appeal shall be as provided by law. "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." § 512.050 RSMo 1978. The judgment of dismissal became a final judgment on June 4, 1983 and the allowed time for appeal expired on June 14, 1983, the date mentioned in the order of this court deny-

ing appellant's petition for writ of mandamus.

■ A timely notice of appeal is jurisdictional. *Labrier v. Anheuser Ford, Inc.,* 621 S.W.2d 51, 53–54 (Mo. banc 1981). If a notice of appeal is not timely filed we are without jurisdiction of the case and required to dismiss the appeal. *Dombroski v. Cox,* 431 S.W.2d 680, 681 (Mo.App.1968).

Appeal dismissed.

REINHARD, C.J., and CRANDALL, J., concur.