**In re Herma I. CRIST by her Guardian–Custodian, Appellant,**

v.

**DIRECTOR OF MISSOURI STATE DIVISION OF FAMILY SERVICES, Respondent.**

No. WD 40660.

Missouri Court of Appeals, Western District.

June 27, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied Sept. 12, 1989.

Richard N. Brown, Appointed Counsel, Brookfield, for appellant.

Richard Beaver, Div. of Legal Services, Jefferson City, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

SHANGLER, Judge.

The claimant Herma Crist, by her guardian, made two successive applications to the Division of Family Services for Medicaid rest home benefits. The first application was made in July of 1986 and was denied. The second application was made in November of 1986 and was approved. The claimant nevertheless appealed the decision of the Director to the circuit court on the ground that the benefits properly should have been made to accrue on the date of the first application rather than of the second. The claimant contended to the circuit court also that the amount ordered to be paid by her to the nursing home from surplus personal funds was excessive. The circuit court affirmed the decision of the Director, and the claimant appeals to this court.

In this court, the Director moves to dismiss the case on the ground that the notice of appeal was not timely. In order to vest jurisdiction in the appeals court, a notice of appeal must be filed not later than ten days after the judgment or order appealed from becomes final. Rule 81.04(a); *Goldberg v. Mos*, 631 S.W.2d 342, 345[1–4] (Mo.1982). A judgment becomes final for purpose of appeal thirty days after the entry of judgment unless a timely motion for new trial [or in a court-tried case a motion under Rule 73.01(a)(3)] is brought. *Rietsch v. T.W.H. Co., Inc.*, 702 S.W.2d 108, 110[1, 2] (Mo.App.1985); Rule 81.05(a).

The judgment of the circuit court to affirm the decision of the Director was entered on February 19, 1988. Within the time allowed by Rule 73.01(a)(3) for a post judgment motion in a court tried case, the claimant Crist filed a motion for "rehearing or reconsideration", a misattribution we treat as a motion for new trial. *Eureka*

*Pipe, Inc. v. Cretcher–Lynch and Co.*, 754 S.W.2d 897, 899[3–6] (Mo.App.1988). Accordingly, the judgment became final for purpose of appeal ninety days after the new trial motion was filed or on the date of an earlier disposition of the motion. Rule 81.05(a). The circuit court overruled the new trial motion on April 13, 1988, and its judgment became final for appeal to this court on that date. The notice of appeal was not lodged by Crist, however, until May 25, 1988,—well beyond the ten day period imposed for that purpose by Rule 81.04(a).

Crist argues nevertheless that § 208.110, RSMo 1986, and not the rules of civil procedure, governs an appeal to this court for a claimant aggrieved by the decision of the Director on an application for benefits—and that statute accords ninety days from final judgment, rather than the ten days the rule prescribes.

Section 208.110 provides for appeals *from* the circuit court by a party aggrieved by the decision of the Director:

Appeals may be had by either party from the circuit court upon the record in the same manner as provided herein for appeals from the director to the circuit court ...

Section 208.100 provides for appeals *to* the circuit court by a party aggrieved by the decision of the Director:

Any claimant aggrieved by the decision of the director of the division of family services made under section 208.080 may appeal to the circuit court of the county in which such claimant resides *within ninety days* from the date of the action and decision appealed from. [emphasis added].

The claimant Crist argues, in effect, that these statutes not only create a right of review but also prescribe the procedure of the appeal. According to that tenor of argument, the notice of appeal filed more than forty days after final judgment was within the ninety day period of the statute, and thus timely to invest the court of appeals with jurisdiction for review.

█ The argument expounds, but does not cite, the rationale of *Brownfield v.*

*Social Security Comm'n.*, 236 Mo.App. 333, 155 S.W.2d 905 (1941). *Brownfield* was called upon to construe the predecessor statute to § 208.110, which also provided for a ninety day notice of appeal period from the judgment of the circuit court. The question that opinion posed was: "within what time and in what manner an appeal may be taken from the circuit court in a social security case." *Id.*, 155 S.W.2d at 906. The court responded: "such an appeal. may be taken at any time within ninety days from the date of judgment in the circuit court." *Id.*, 155 S.W.2d at 907. It was the sense of *Brownfield* that the statute not only created the right of review, but prescribed the procedure of the appeal—a sense that colors the contention for the claimant Crist. *Brownfield*, however, was decided long ago on the basis of statutes and rules since superseded. It was outmoded by the plenary grant of authority to the supreme court by constitution to establish rules of practice and procedure for all courts with the force and effect of law. Mo. Const. art. V, § 5 (1945, amended 1976). A rule of procedure and practice promulgated under that grant of authority supersedes an inconsistent statute. *State ex rel. Peabody v. Powell*, 574 S.W.2d 423, 426[3, 4] (Mo. banc 1978).

█ The rules of civil procedure now govern civil actions in the court of appeals and the supreme court, and supersede all statutes and existing court rules that are inconsistent with the promulgations. Rule 41.01(a)(1) and 41.02; *In the Interest of D.J.B.*, 704 S.W.2d 217, 218 (Mo. banc 1986). Accordingly, appeals taken under § 208.110 are subject to the rules of civil procedure. *Stacy v. Dept. of Public Health and Welfare*, 468 S.W.2d 651, 654[3] (Mo.App.1971). The time within which an appeal may be taken does not impinge on the right of appeal, but on the mode by which the right is secured, and hence is a competent subject of rule-making under the constitutional grant. Mo. Const. art. V, § 5 (1945, amended 1976); *In the Interest of D.J.B.*, 704 S.W.2d at 218; *Stacy v. Dept. of Public Health and Welfare*, 468 S.W.2d at 654.

The ninety day notice of appeal provision of § 208.110 is inconsistent with the ten day provision of Rule 81.04(a). Since that law was not amended by an enactment of the legislature limited to the purpose to annul that effect of Rule 81.04(a), the ten day notice provision of the rule supersedes the ninety day period fixed by the statute. Rule 41.02; *State ex rel. Peabody Coal Co. v. Powell*, 574 S.W.2d at 426[3, 4]. The time within which an appeal can be taken, therefore, is gauged by Rule 81.04, which imposes the ten day interval, and by Rule 81.05, which determines the finality of judgment for the appeal purpose. *Rietsch v. T.W.H. Co., Inc.*, 702 S.W.2d at 110[1, 2].

The notice of appeal by claimant Crist was not timely filed and so jurisdiction of the cause of action has not vested in this court. *Goldberg v. Mos*, 631 S.W.2d at 345.

The appeal is dismissed.

All Concur.