**In re the Matter of: LUNAR TOOL & MACHINERY, INC.**

**No. 61504.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 4, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 10, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Theodore S. Schechter, Michael L. Schechter, Clayton, for appellant.

David V. Collignon, Clayton, David P. Weiss, St. Louis, for respondent.

GRIMM, Judge.

Terry Winters and Maxine Winters, husband and wife, own all the shares of Lunar Tool & Machinery, Inc. as tenants by the entireties. They are also parties in a dissolution of marriage proceeding.

Mr. Winters petitioned the trial court to dissolve the corporation. Mrs. Winters opposed this request. Following a hearing, the trial court found, among other things, that the management of the corporation was deadlocked; further, the shareholders were unable to break the deadlock. The trial court ordered the corporation dissolved and appointed a receiver to wind up the corporation's affairs.

Mrs. Winters appeals. She raises three points of error. All allege the trial court abused its discretion, its decision was not supported by substantial evidence, its decision was against the weight of the evidence, and its decision erroneously declared and applied the law.

Mr. Winters filed a motion to dismiss the appeal, alleging the notice of appeal was not timely filed. The motion was ordered taken with the case. We grant the motion and dismiss the appeal.

A brief chronology of proceedings helps identify the basic facts that compel us to sustain the motion to dismiss.

October 17, 1991  Trial court enters order dissolving corporation and appointing Ms. Paula Bryant as receiver for the corporation.

October 29, 1991  Mrs. Winters files motion for a new trial or to amend judgment and to arrest judgment.

January 2, 1992  Trial court denies October 29, 1991 motion.

January 10, 1992  Trial court vacates January 2, 1992 order.

January 10, 1992  Mrs. Winters files notice of appeal.

January 27, 1992  Trial court denies motion for new trial and to amend order of dissolution, but grants motion to arrest judgment.

January 31, 1992  Mrs. Winters dismisses appeal.

February 3, 1992 Mrs. Winters files second notice of appeal.

As indicated above, on October 29, 1991, Mrs. Winters filed a motion. The motion sought both a new trial and a change in the order appointing Ms. Bryant as receiver. See § 512.020, RSMo 1986.

In a court-tried case, a party may file a motion for new trial within fifteen days after the entry of judgment. Rule 73.-01(a)(3). Here, the new trial motion was timely filed. When a timely motion is filed, "the judgment is not final until disposition" of the motion. Rule 78.04.

■ On January 2, 1992, the trial court denied the October 29, 1991 motion. Thus, the judgment became final January 2, 1992. *See Bank of Thayer v. Kuebler,* 219 S.W.2d .297, 299 (Mo.App.W.D.1949); *see also Oasis Car Wash, Inc. v. First North County Bank,* 558 S.W.2d 683, 685–86 (Mo.App.E.D.1977); *Loomstein v. Medicare Pharmacies, Inc.,* 750 S.W.2d 106, 109 (Mo.App.E.D.1988). Thereafter, with a few exceptions not applicable here, the trial "court had no further authority to disturb the judgment or its finality." *Kuebler,* 219 S.W.2d at 299. As a result, the trial court's January 10 order vacating the January 2 order, "exceeded the court's jurisdiction and was without force and effect." *See Loomstein,* 750 S.W.2d at 109; *see also Bank of Brookfield–Purdin, N.A. v. Burns,* 730 S.W.2d 605, 607 (Mo.App.W.D. 1987).

■ Although Mrs. Winters timely filed her notice of appeal on January 10, she dismissed that appeal on January 31. In her dismissal motion filed with this court, she stated that her appeal had been rendered moot because the January 2 order was vacated. However, in the meantime, on January 27, the trial court had again denied her motion for new trial. Thus when she dismissed her first appeal, she was aware that her motion for new trial had been denied.

Mrs. Winters' second notice of appeal on February 3 was not timely filed. It was filed more than ten days after January 2, the date the judgment became final. An appeal is not effective "unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." Rule 81.04(a); *see also Oasis Car Wash,* 558 S.W.2d at 686.

■ The timely filing of a notice of appeal is jurisdictional. *State ex rel. Charter Bank of Jennings v. O'Toole,* 638 S.W.2d 321, 322 (Mo.App.E.D.1982). Here, the notice of appeal before us was not timely filed. As a result, this court is without jurisdiction to consider the appeal and it must be dismissed. *Goldberg v. Mos,* 631 S.W.2d 342, 345 (Mo.Div. 2, 1982).

■ Mrs. Winters argues that the trial court "may retain jurisdiction beyond its usual thirty (30) day period after a judgment pursuant to Rule 75.01." She refers us to this portion of Rule 75.01:

After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.

Mrs. Winters recognizes that Rule 75.01 requires a "stipulation of the parties" to permit the trial court to take action. She contends that "the parties silence as to the trial court's vacating its previous Order on January 10, 1992, was tantamount to a stipulation of the parties."

In support of her position, she relies on *Brockhoff v. Leary,* 711 S.W.2d 869 (Mo. banc 1986). *Brockhoff,* however, does not aid her. There, "unique circumstances" were "tantamount to a stipulation of the parties to vacate" an earlier order. *Id.* at 872. Those unique circumstances included (1) the trial court ordered a new trial on its own initiative without prior notice to the parties, (2) *all parties* filed motions asking the trial court to reconsider that action, (3) the trial court vacated its order and reinstated all post-trial motions, (4) the trial court overruled all motions for new trial except as to one party, and (5) the notice of appeal was filed within ten days of this last order. *Id.* at 870–72. These unique cir-

cumstances, especially a request from all parties, are not present here.

Generally, a "stipulation is an *agreement* between counsel with respect to business before a court." *Degerinis v. Degerinis,* 724 S.W.2d 717, 720 (Mo.App.E.D.1987) (emphasis original). Nothing in the record before us reflects that Mr. Winters stipulated that the judgment could be vacated, amended, or modified.

 Mrs. Winters has an alternative argument. She submits that the filing of the second notice of appeal in this cause number 61504 "relates back in time to the filing of her" first notice of appeal in cause number 61412. She refers us to Rule 55.33(c), which states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Mrs. Winters has not cited any case which has applied Rule 55.33(c) to notices of appeal. Nor has our research disclosed any applicable case law.

Further, by its terms, Rule 55.33(c) applies to a "claim or defense asserted in the amended pleading." The second notice of appeal was not denominated an amended notice, nor was it treated as such.

The notice of appeal in this case was not timely filed. Thus, this court has no jurisdiction to consider this appeal and it must be dismissed. *See Goldberg,* 631 S.W.2d at 345. The appeal is dismissed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.