**Louise PORTER,**
**Employee/Respondent/Appellant,**

v.

**EMERSON ELECTRIC COMPANY,**
**Employer/Appellant/Respondent.**

Nos. 19512, 19535.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 7, 1995.

Motion for Rehearing or Transfer to
Supreme Court Denied March 1, 1995.

Application to Transfer Denied
April 25, 1995.

Steven E. Marsh, Hulston, Jones, Gammon & Marsh, Springfield, for employee/respondent/appellant.

Carl E. Smith, Curry & Smith, Ava, for employer/appellant/respondent.

CROW, Judge.

Louise Porter ("Claimant") filed a claim for compensation against her employer, Emerson Electric Company ("Emerson"), under The Workers' Compensation Law, chapter 287, RSMo 1986, as amended. Claimant pled she was injured at work September 14, 1990.

After an evidentiary hearing, an administrative law judge ("ALJ") of the Division of Workers' Compensation found Claimant, on the date in question, had no accident arising out of and in the course of her employment. Accordingly, the ALJ denied the claim.

Upon Claimant's application for review, the Labor and Industrial Relations Commission ("Commission"), by a two-to-one decision, reversed the ALJ and entered a "Final Award Allowing Compensation" on March 17, 1994.

On April 14, 1994, Emerson filed with the Commission a notice of appeal to this Court. Emerson's appeal is number 19512.

On April 26, 1994, Claimant filed with the Commission a notice of appeal to this Court. Claimant's appeal is number 19535.

We address both appeals in this opinion, taking Claimant's first.

## Appeal 19535

Claimant maintains the Commission failed to award all the compensation to which she is entitled. We need not decide whether she is correct because, as explained *infra*, we hold her notice of appeal was untimely.

■ The right to appeal is statutory; without underlying statutory authority, there is no right to appeal. *United Labor Committee, Inc. v. Ashcroft,* 572 S.W.2d 446, 447[1] (Mo. banc 1978). Consequently, an appeal must be taken in accordance with the statute authorizing it. *Labrier v. Anheuser Ford, Inc.,* 621 S.W.2d 51, 53[1] (Mo. banc 1981).

Section 287.495.1, RSMo 1986, reads, in pertinent part:

"The final award of the commission shall be conclusive and binding unless either party ... shall, within thirty days from the date of the final award, appeal the award to the appellate court having jurisdiction in the area in which the accident occurred.... Such appeal may be taken by filing notice of appeal with the commission...."

As reported earlier, Claimant's notice of appeal was filed with the Commission April 26, 1994, 40 days after the date of the Commission's final award. Obviously, that was past the deadline fixed by § 287.495.1.

Mindful of that, Claimant cites Rule 81.04(b),[1] which reads:

"If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date the first notice of appeal was filed."

Claimant argues that although the record shows her notice of appeal was filed with the Commission on April 26, 1994 (12 days after Emerson's notice of appeal), her notice of appeal was *mailed* to the Commission on April 22, 1994, and should have been postmarked that date, hence it was timely per § 287.480.[2]

Rule 81.04(b), quoted above, must be read in conjunction with Rule 81.04(a), which reads:

"When an appeal is permitted by law from a trial court, a party may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final."

Because Rule 81.04(a) mentions only an appeal from a *trial court,* says nothing about an appeal from an *administrative agency,* directs that the notice of appeal be filed with

---

1. Rule references are to Missouri Rules of Civil Procedure (1994) except where otherwise indicated.

2. Section 287.480 reads, in part:
   ". . . Any notice of appeal . . . required under this law to be filed with . . . the commission shall, when mailed to and received by . . . the commission, be deemed to be filed as of the date endorsed by the United States post office on the envelope . . . in which such paper is received. . . ."

the clerk of the *trial court*, does not authorize the filing of a notice of appeal with an *administrative agency*, and requires that the notice of appeal be filed not later than 10 days after the *judgment* or *order* appealed from becomes final, it is evident that Rule 81.04 governs only appeals from *trial courts* to appellate courts, and does not apply to appeals from the Commission to an appellate court.

That conclusion is consistent with *Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311 (Mo.App.1972), decided under statutes and rules in effect in 1971. There, the Commission entered a workers' compensation award in favor of an employee against his employer. The statute then in effect provided that (a) an appeal from the Commission went to the circuit court, and (b) the notice of appeal had to be filed with the Commission within 30 days from the date of the final award.

The employer in *Holmes* filed a late notice of appeal with the Commission. Nonetheless, the Commission sent the file to the circuit court. The employee promptly filed a motion in the circuit court to dismiss the appeal. Attempting to avert dismissal, the employer filed a motion in the circuit court for a special order under Rule 81.07(a) as it then existed.[3]

The circuit court denied the employer's motion and dismissed the appeal. The employer thereupon appealed from the circuit court, contending that court could have granted a special order extending the time for filing the notice of appeal. The Court of Appeals was thus presented the issue of whether Rule 81.07(a) authorized a circuit court to grant such an order.

The Court of Appeals pointed out that Rule 81.04 and § 512.050 then read, in pertinent part:

"When an appeal is permitted by law from a *trial court* and within the time prescribed, a party or his agent may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed *not later than ten days* after the judgment or order appealed from becomes final. * * *" (Emphasis in 488 S.W.2d at 314.)

The Court of Appeals held:

"It is obvious that neither the Supreme Court under its rule-making powers, Article V, Section 5, Constitution of Missouri, V.A.M.S., nor the Legislature intended the statutory provisions for a special order permitting notice of appeal out of time to apply to special statutory proceedings, such as, workmen's compensation claims. Only those classes of appeals, wherein the notice of appeal is required to be filed within 10 days after the judgment or order of a trial court, are modified by the 'special appeal' provision. Workmen's Compensation proceedings are basically administrative in nature; are governed by special laws; and Rule 81.07 and Section 512.060 V.A.M.S. cannot be made to apply in such proceedings without specific legislative authority. Such has not been given. However harsh this result may be in a given case, we cannot change the law as clearly stated by the Legislature.

By reason of our conclusion, it is not necessary nor appropriate that we decide whether the court below abused his discretion because he was afforded no area for

---

3. Rule 81.07(a) as it read in 1971 is set forth in pertinent part in *Holmes*, 488 S.W.2d at 314:
   "(a) Appeal by Special Order—Motion—Notice. When an appeal is permitted by law from a final judgment in the *trial court*, but the time prescribed for filing the ordinary notice of appeal with the clerk of the trial court as set forth in Rule 81.04 has expired, nevertheless a party seeking reversal of such final judgment may file a notice of appeal in the *trial court*, within 6 months from the date of such final judgment, *if permitted to do so by a special order of the appropriate appellate court.* The special order

may be allowed by the appellate court, upon motion and notice to adverse parties, and upon a showing by affidavit, or otherwise, that there is merit in the appellant's claim for the special order and that the delay was not due to appellant's culpable negligence. * * *" (Emphasis in 488 S.W.2d at 314.)
According to *Holmes*, the part of Rule 81.07(a) quoted above was identical to § 512.060 except that where Rule 81.07(a) mentions Rule 81.04, the statute mentions § 512.050. *Holmes*, 488 S.W.2d at 314.

its exercise under the admitted facts...."[4]

488 S.W.2d at 314–15.

The analysis in *Holmes* is persuasive. Because Rule 81.04, as it read when *Holmes* was decided, mentioned only appeals from *trial courts* and required the notice of appeal to be filed not later than 10 days after the *judgment* or *order* appealed from became final, *Holmes* held Rule 81.07(a), which specifically referred to the deadline in Rule 81.04, did not apply to any appeals except those from trial courts. Consequently, Rule 81.07(a) did not authorize the trial court in *Holmes* to extend the time fixed by *statute* for filing a notice of appeal from the Commission's award.

■ The 1994 version of Rule 81.04(a) is set forth earlier in this opinion. So is the version of Rule 81.04 on which *Holmes* was based. Although the first sentence of the former differs slightly from the first sentence of the latter, there is no difference in substance. The second sentences are identical. Applying the rationale of *Holmes*, we hold Rule 81.04(a) applies to only appeals from judgments or orders of trial courts, not to appeals from awards by the Commission in workers' compensation claims.

■ Rule 81.04(b) refers to a "timely notice of appeal." We hold this means an appeal filed within the 10–day period fixed by Rule 81.04(a). We are persuaded of this by Rule 81.04(c), which requires a $50 docket fee to be deposited with the clerk of the *trial court* at the time of filing the notice of appeal. Reading paragraphs "(a)," "(b)" and "(c)" of Rule 81.04 together, it is manifest that Rule 81.04 applies to only appeals from trial courts, not to appeals from the Commission.

That conclusion is confirmed by Rule 100.02, captioned "Review in Appellate Courts." Rule 100.02 is part of Rule 100, captioned "Judicial Review of Administrative Decisions."

Among other things, Rule 100.02 specifies how the parties shall be designated on appeal, requires a $50 docket fee to be deposited with the Commission at the time of filing a notice of appeal under § 287.495 (quoted in part earlier in this opinion), sets forth what the record shall include, fixes the deadline for filing the record in the appellate court, and provides that the form, contents, filing and service of briefs and motions shall be as provided in Rule 84.

If the Rules of Civil Procedure governing appeals from judgments and orders of trial courts applied generally to appeals from the Commission, Rule 100 would be unnecessary. Therefore, the presence of Rule 100 is additional evidence that Rule 81.04 does not apply to appeals from the Commission to an appellate court.

■ That factor, together with *Holmes,* convinces us that Claimant cannot invoke Rule 81.04(b) to salvage her appeal. Consequently, we do not reach her contention that the envelope carrying her notice of appeal should have been postmarked April 22, 1994.

*Crist v. Director of Division of Family Services,* 775 S.W.2d 266 (Mo.App.W.D.1989), cited by Claimant, does not aid her. There, an applicant for Medicaid benefits appealed to the circuit court from a decision of the Director of the Division of Family Services. The statute authorizing the appeal, § 208.100, RSMo 1986, allowed the aggrieved party 90 days to appeal, commencing on the date of the Director's decision. Another statute, § 208.110, allowed either party to appeal from the circuit court "in the same manner" as provided for appeals from the Director to the circuit court.

The applicant in *Crist* was unsuccessful in the circuit court, so she appealed to the Western District of this Court. The Western District had to decide whether the 90–day period in § 208.100 applied to the appeal from the circuit court to the Western District, or whether the 10–day period in Rule 81.04(a)[5] applied. The Western District held

---

**4.** The Court of Appeals evidently concluded that inasmuch as the employer appealed from the Commission to the circuit court, the circuit court

was "the appropriate appellate court" within the meaning of Rule 81.07(a).

**5.** Rule 81.04(a) as it existed in 1988 was in effect at the time of the appeal to the Western District

that inasmuch as the appeal from the circuit court to the Western District was an appeal from a trial court to an appellate court, Rule 81.04(a) applied.

The difference between *Crist* and the instant case is obvious. Here, the appeal is not from a trial court to this Court, but from the Commission to this Court. As pointed out earlier, such appeals are authorized by § 287.495, not Rule 81.04. Consequently, the deadline in § 287.495.1 cannot be extended by Rule 81.04(b).

*In Interest of D.J.B.*, 704 S.W.2d 217 (Mo. banc 1986), also cited by Claimant, is likewise unavailing. There the appeal was from a trial court judgment terminating parental rights, not from a decision of an administrative agency. *D.J.B.* is patently inapplicable.

Having decided Rule 81.04(b) is unavailable to Claimant, we must consider whether we are authorized by Rule 81.07(a) to grant her leave to file a late notice of appeal. Claimant moved for such an order and we granted a provisional one, subject to reconsideration after briefing.

■ *Holmes* held Rule 81.07(a), as it was in 1971, applied to only appeals from trial courts where the notice of appeal was due 10 days after finality of the judgment or order. 488 S.W.2d at 314–15. The 1994 version of Rule 81.07(a) is not identical to the *Holmes* version. However, the 1994 version, like the *Holmes* version, refers to only a trial court judgment and to only the deadline in Rule 81.04 (10 days after finality). Thus, in all material respects, both versions are the same. Applying *Holmes*, we hold Rule 81.07(a) does not authorize us ("the appropriate appellate court") to grant Claimant leave to file a late notice of appeal. *Cf. Dorrell Re–Insulation Systems, Inc. v. Director of Revenue*, 622 S.W.2d 516, 517–18 (Mo.App. W.D.1981), holding Rule 81.07(a) (1980 version) does not authorize the Court of Appeals to grant an order allowing a late notice of appeal from a decision of the Administrative Hearing Commission per § 161.337, RSMo 1978.

We hold our earlier provisional order granting Claimant leave to file a late notice

in *Crist*. Although the 1994 version is slightly

of appeal was improvidently entered. It is quashed.

■ The timely filing of a notice of appeal is a jurisdictional requirement. *Goldberg v. Mos*, 631 S.W.2d 342, 345[2] (Mo. 1982). If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal. *In re Marriage of Short*, 847 S.W.2d 158, 161[1] (Mo.App.S.D. 1993); *Boyer v. Shay*, 675 S.W.2d 147, 148[3] (Mo.App.E.D.1984).

Because Claimant's notice of appeal was untimely, we lack jurisdiction of her appeal.

Appeal 19535 is dismissed.

### Appeal 19512

The two points relied on by Emerson in its appeal are, verbatim:

"I. The Labor and Industrial Relations Commission erred in entering a final award awarding compensation to employee because the award was procured by the fraud of employee.

II. The Labor and Industrial Relations Commission erred in entering a final award awarding compensation to employee because such findings are not supported by substantial and competent evidence and are clearly contrary to the overwhelming weight of the evidence on the record as a whole."

Rule 84.04(d) reads, in pertinent part:

"The points relied on shall state briefly and concisely what actions or rulings ... are sought to be reviewed and wherein and why they are claimed to be erroneous...."

The purpose of the rule and the necessity of obeying it are explained in the oft-cited case of *Thummel v. King*, 570 S.W.2d 679, 684–88 (Mo. banc 1978).

■ In *Grimes v. Bagwell*, 837 S.W.2d 554, 557 (Mo.App.S.D.1992), one of the points relied on averred the trial judge erred in failing to disqualify himself on the ground that he was biased and prejudiced against the appellant. This Court held the point presented nothing for review in that it failed

different, the difference is immaterial here.

to state "wherein" the evidence supported the allegation of bias and prejudice. *Id.* at [2].

Emerson's first point makes the unadorned assertion that Claimant procured the Commission's award by fraud. The point yields no clue as to wherein or how Claimant perpetrated the alleged fraud, thus the point is just as deficient as the one in *Grimes.* Applying *Grimes,* we hold Emerson's first point presents nothing for review.

■ Emerson's second point supplies no hint as to wherein and why the Commission's findings are unsupported by substantial and competent evidence and are contrary to the overwhelming weight of the evidence.

■ A point relied on stating there was insufficient evidence to support a judgment, without setting forth wherein and why that is so, presents nothing for appellate review. *Blackwelder v. Blissett,* 861 S.W.2d 343, 344[1] (Mo.App.S.D.1993); *Best v. Culhane,* 677 S.W.2d 390, 394[4] (Mo.App.E.D. 1984). Likewise, a point relied on stating a judgment is against the weight of the evidence, without explaining wherein and why that is so, presents nothing for appellate review. *Brown v. Mercantile Bank of Poplar Bluff,* 820 S.W.2d 327, 339[21] (Mo.App. S.D.1991).

However, we are reluctant to ignore an accusation of fraud, hence we have, *ex gratia,* endeavored to seine the import of Emerson's first point from the argument following it. The thrust of the argument, as we fathom it, is that Claimant fabricated her testimony about the alleged on-the-job accident. Emerson insists the physical disability described by Claimant's physicians did not result from a work-related injury.

■ Emerson repeatedly directs us to Claimant's deposition as evidence of her "fictional rendition of work-related events occurring on 9–14–90." The flaw in that tactic is that Claimant's deposition is not part of the record on appeal. The only record we may consider is the record certified by the Commission as containing all documents and papers on file in the matter, together with a transcript of the evidence, the findings and

award. § 287.495.1; *Causey v. McCord,* 763 S.W.2d 155, 156[1] (Mo.App.S.D.1988).

Claimant testified she told her supervisor, Charlie Meador, about her injury immediately after it occurred. Meador testified Claimant did not report an injury to him. The ALJ found Meador's testimony "extremely credible" and, as reported earlier, found Claimant had no accident in the course of her employment on the alleged date.

Two members of the Commission found Claimant's testimony "very credible" and Meador's testimony "totally unbelievable." The dissenting member of the Commission adopted the ALJ's decision.

■ Judicial review of a final decision by the Commission in a workers' compensation case is governed by Mo. Const. art. V, § 18 (1945, amended 1976), and § 287.495. From those sources, additional principles have evolved. *Rector v. City of Springfield,* 820 S.W.2d 639, 640 (Mo.App.S.D.1991); *Causey v. McCord,* 774 S.W.2d 898, 899 (Mo. App.S.D.1989). In reviewing questions of fact, an appellate court's inquiry is limited to whether, upon the whole record and considering the evidence in the light most favorable to the Commission's findings, the Commission could have reasonably made such findings and reached the result it did. *Lawson v. Emerson Electric Co.,* 833 S.W.2d 467, 471 (Mo.App.S.D.1992); *Swillum v. Empire Gas Transport, Inc.,* 698 S.W.2d 921, 925[3] (Mo. App.S.D.1985). The appellate court defers to the Commission on issues involving credibility of witnesses and the weight to be given testimony. *Alexander v. D.L. Sitton Motor Lines,* 851 S.W.2d 525, 527[1] (Mo. banc 1993). The appellate court disregards evidence which might support a finding different from that of the Commission, even though a contrary finding would be supported by the evidence. *Evans v. Consumer Programs, Inc.,* 849 S.W.2d 183, 185[2] (Mo. App.S.D.1993); *Rector,* 820 S.W.2d at 640[3].

■ Accordingly, although Emerson strenuously proclaims that Claimant's testimony was contrived and unworthy of belief, that hypothesis provides no basis for us to reverse the Commission's award. Credibility of witnesses is a matter for the Commission,

not us. *Olds v. Treasurer, State of Missouri,* 864 S.W.2d 406, 408[4] (Mo.App.E.D.1993). We may not substitute our judgment for that of the Commission on credibility issues. *Schneider v. Ashburn/Schneider Painting,* 849 S.W.2d 271, 274[7] (Mo.App.E.D.1993). Emerson cannot circumvent those precepts by camouflaging the credibility issue as a question of fraud.

Applying the firmly-entrenched principles set forth in the two preceding paragraphs, we hold the Commission's award is supported by competent and substantial evidence on the whole record, that no error of law appears, and that an opinion recounting the evidence would have no precedential value. We therefore affirm the Commission's award in compliance with Rule 84.16(b)(4) and (5).

GARRISON, P.J., and PARRISH, J., concur.

Before GRIMM, C.J., and REINHARD and CARL R. GAERTNER, JJ.