Vincent COLLETTI,
Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED·96185.

Missouri Court of Appeals,
Eastern District,
Division One.

April 12, 2011.

Vincent Colletti, St. Louis, MO, for Appellant.

Michael Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Claimant, Vincent Colletti, has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision concerning his claim for

---

unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits after being laid off from his job. A deputy of the Division of Employment Security ("Division") concluded that Claimant's benefit year started August 15, 2010. Claimant disputed this date, asserting he should receive three other weeks of benefits. He filed an appeal to the Appeals Tribunal, which dismissed his appeal as untimely. Claimant sought review by the Commission, which affirmed the Appeals Tribunal's dismissal. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

The unemployment benefits statutes provide that a notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. In unemployment matters, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Missouri Division of Employment Security,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997).

Here, the Commission mailed its decision to Claimant on December 8, 2010. Therefore, his notice of appeal to this Court was due on or before January 7, 2011. Sections 288.200.2, 288.210. The secretary of the Commission has certified that the notice of appeal was received on January 20, 2011.[1] As a result, Claimant's notice of appeal is untimely.

The unemployment statutes provide the guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.,* 155 S.W.3d 809, 810 (Mo.App. E.D. 2005). In addition, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311, 314–15 (Mo.App.1972); *See also, Porter v. Emerson Elec. Co.,* 895 S.W.2d 155, 158–59 (Mo.App. S.D.1995). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.

---

1. Claimant mailed his notice of appeal to the Commission. If mailed, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." Here, the actual date on the postmark is illegible.