**David DUNLAP, Claimant/Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. ED 97279.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 6, 2011.

David Dunlap, St. Louis, MO, appellant acting pro se.

Michael E.C. Pritchett, Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for respondent Division of Employment Security.

KURT S. ODENWALD, Chief Judge.

Claimant David Dunlap appeals from the Labor and Industrial Relations Commission's (Commission) decision concerning his claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits and a deputy of the Division of Employment Security (Division) concluded that Claimant was disqualified. Claimant sought to appeal to the Appeals Tribunal, but it determined that Claimant's appeal was untimely. Claimant then filed an application for review by the Commission. The Commission affirmed the Appeals Tribunal's decision. The Commission mailed this decision to Claimant on July 11, 2011. Claimant filed a notice of appeal to this Court on September 7, 2011. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. After it becomes final, an aggrieved party has twenty days to file a notice of appeal to the Court of Appeals. Section 288.210, RSMo 2000.

Here, the Commission mailed its decision to Claimant on July 11, 2011. Therefore, Claimant's notice of appeal to this Court was due on or before August 10, 2011. Sections 288.200.2, 288.210. Claimant faxed his notice of appeal to the Commission on September 7, 2011. Claimant's notice of appeal is untimely under section 288.210.

The unemployment statutes provide the guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Colletti v. Division*

*of Employment Sec.*, 339 S.W.3d 598, 599 (Mo.App. E.D.2011). In addition, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App. 1972); *See also, Porter v. Emerson Elec. Co.*, 895 S.W.2d 155, 158–59 (Mo.App. S.D. 1995). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

ROBERT G. DOWD, JR., J. and GARY M. GAERTNER, JR., J., Concur.